NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0363n.06

No. 21-1191

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 08, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| PATRICK JOSEPH, | ) | |
| Petitioner-Appellant, | ) ) | ON APPEAL FROM THE |
| v. | ) ) ) | UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| ANGELA DUNBAR, Warden, | ) | |
| Respondent-Appellee. | ) ) | OPINION |

BEFORE: GRIFFIN, BUSH, and MURPHY, Circuit Judges.

GRIFFIN, Circuit Judge.

Following his 2004 conviction for attempting to possess with the intent to distribute at least 500 grams of cocaine, the district court in the Southern District of Florida concluded that petitioner Patrick Joseph was a career offender under U.S.S.G. § 4B1.1—based on his prior Florida convictions for battery of a law enforcement officer and cocaine trafficking—and imposed a 360-month term of imprisonment. The Eleventh Circuit affirmed his conviction and sentence. *United States v. Joseph*, 140 F. App'x 107, 111 (11th Cir. 2005) (per curiam). Joseph unsuccessfully sought collateral relief under 28 U.S.C. § 2255 in 2006, and the Eleventh Circuit later denied his 2010 and 2016 applications to file second or successive petitions.

Now incarcerated in the Western District of Michigan, Joseph seeks habeas relief under 28 U.S.C. § 2241. His petition contends that his underlying Florida crimes no longer qualify as predicate offenses for purposes of the career-offender enhancement following *Johnson v. United States*, 559 U.S. 133 (2010), *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United*

*States*, 579 U.S. 500 (2016). And he argues that 28 U.S.C. § 2255(e)'s savings clause—which permits a prisoner to file a petition for habeas corpus if "the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention"—allows him to seek relief under § 2241 due to those intervening changes in statutory interpretation. The district court denied Joseph's petition, and this appeal followed.

We held this case in abeyance pending the Supreme Court's decision in *Jones v. Hendrix*, which recently held that the savings clause does not operate as Joseph says it does. 143 S. Ct. 1857, 1868 (2023). *Jones* emphasized that § 2255 allows a second or successive collateral attack on a sentence in only two circumstances: (1) a claim based on newly discovered evidence, and (2) a new rule of constitutional law made retroactive by the Supreme Court. *Id.* at 1867, 1869; 28 U.S.C. § 2255(h). The savings clause serves a different purpose—it "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Jones*, 143 S. Ct. at 1868. As explained: "The inability of a prisoner with a statutory claim to satisfy [§ 2255(h)'s] conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." *Id.* at 1869. *Jones* therefore forecloses Joseph's appeal, making clear that he cannot use § 2241 as "an end-run around" § 2255(h)'s rules. *Id.* at 1868.

We affirm.